# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

HENRIETTA WALKER,

        Plaintiff,

  vs.

PALISADES COLLECTION, LLC; PALISADES ACQUISITIONS X, LLC; ABC COMPANY, being That entity doing business as Palisades Collection, LLC; DEF COMPANY, being that business entity doing business as Palisades Acquisitions X, LLC; GHI, being that entity acting as alter ego, owning, or controlling said Palisades Collection, LLC and Palisades Acquisitions X, LLC, and, on information and belief, doing business as Palisades Collection, LLC and Palisades Acquisitions X, LLC, and for all purposes being a proper party defendant in this cause; J, K, L, M, N, O, P, Q, R, S, T, U, V, W, X, Y, and Z, all whose true names and identities are not further known to Plaintiff at this time, but when ascertained, will be added hereto by way of amendment. Nevertheless, each said fictitious parties, on information and belief, combined with, concurred with, and conspired with the named parties herein to commit the acts and activities that injured and damaged the Plaintiff.

        Defendants.

CASE NO. _____

Pending in the Circuit Court of Jefferson County, Alabama
CV-2016-901291

## NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441
## (FEDERAL QUESTION)

Defendants Palisades Collection, LLC; Palisades Acquisitions X, LLC ("Removing Defendants") hereby files this Notice of Removal seeking to remove the above-styled case (No. CV-2016-901291) from the Circuit Court of Jefferson County, Alabama to the United States District Court for the Northern District of Alabama, Southern Division, pursuant to 28 U.S.C. § 1441. As support, Removing Defendants show unto the Court as follows:

1. Plaintiff Henrietta Walker ("Plaintiff") commenced an action in the Circuit Court of Jefferson County, State of Alabama, entitled and captioned: *Henrietta Walker v. PALISADES COLLECTION, LLC; PALISADES ACQUISITIONS X, LLC; ABC COMPANY, being That entity doing business as Palisades Collection, LLC; DEF COMPANY, being that business entity doing business as Palisades Acquisitions X, LLC; GHI, being that entity acting as alter ego, owning, or controlling said Palisades Collection, LLC and Palisades Acquisitions X, LLC, and, on information and belief, doing business as Palisades Collection, LLC and Palisades Acquisitions X, LLC, and for all purposes being a proper party defendant in this cause; J, K, L, M, N, O, P, Q, R, S, T, U, V, W, X, Y, and Z, all whose true names and identities are not further known to Plaintiff at this time, but when ascertained, will be added hereto by way of amendment. Nevertheless, each said fictitious parties, on information and belief, combined with, concurred with, and conspired with the named parties herein to commit the acts and activities that injured and damaged the Plaintiff*, and assigned Case No.: 01-CV-2016-901291.00.

2. The Case Action Summary for this case, from the State Judicial Information System website, Alacourt.com, is attached as "**Exhibit A**."

3. Pursuant to 28 U.S.C. § 1446(a), copies of all "process, pleadings, and orders served upon" RTG in the Jefferson County Circuit Court are attached hereto as "**Exhibit B**."

**GROUNDS FOR REMOVAL**

4. Pursuant to 28 U.S.C. § 1441, a defendant may remove a civil action originally filed in a state court to the federal district court when the district court has original jurisdiction to consider the case. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). "Original jurisdiction requires diversity of the parties or the existence of a federal question." *Lost Mountain Homeowners Ass'n, Inc. v. Rice*, 248 F. App'x 114, 115 (11th Cir. 2007).

5. This action is a civil action of which this Honorable Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Removing Defendants pursuant to 28 U.S.C. § 1441 because it presents a federal question, insofar as Plaintiff alleges violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA").

6. The United States District Court for the Northern District of Alabama, Southern Division, encompasses the geographic area of the Circuit Court of Jefferson County, Alabama.

7. To the best of the undersigned's knowledge, no other pleadings or documents, other than the documents attached hereto, have been filed in this matter.

8. To the best of the undersigned's knowledge all named defendants other than Removing Defendants are fictitious and none have been properly served or joined.

**FEDERAL QUESTION**

9. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *See Bolton v. McWane Cast Iron & Pipe Co.,*

328 F. Supp. 2d 1229, 1234 (N.D. Ala. 2004) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

10. According to 28 U.S.C. § 1441,

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

28 U.S.C. § 1441(a).

11. Count I of the Complaint makes clear that Plaintiff asserts a claim against Defendants under a law of the United States. Specifically, Plaintiff alleges that this action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ('FDCPA')." (*See* Compl. ¶¶ 7-12).

12. FDCPA claims give rise to federal question jurisdiction. *See Farkas v. Suntrust Mortg. Inc.,* CIV.A. 10-0512-CG-M, 2010 WL 5525359 (S.D. Ala. Dec. 15, 2010) *report and recommendation adopted sub nom. Farkas v. Suntrust Mortgage, Inc.,* CIV.A. 10-0512-CG-M, 2011 WL 39048 (S.D. Ala. Jan. 5, 2011) *aff'd sub nom. Farkas v. SunTrust Mortg., Inc.,* 11-10609, 2011 WL 5984867 (11th Cir. Nov. 30, 2011) ("Plaintiff's claim under the Fair Debt Collection Practices Act brings this action within the jurisdiction of this Court.").

13. Because this Court has federal question jurisdiction over Plaintiff's FDCPA claim, it has supplemental jurisdiction over his additional state law claims. *See, e.g., Leahey v. Franklin Collection Serv., Inc.,* 756 F. Supp. 2d 1322, 1324 (N.D. Ala. 2010) (citing 28 U.S.C. § 1367) ("This is an action brought under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ('FDCPA'). Plaintiff also alleges state law claims pursuant to this court's supplemental jurisdiction.").

**REMOVAL IS TIMELY AND PROPER**

14. The Complaint was filed in the Circuit Court of Jefferson County, Alabama on April 7, 2016. *See* "**Exhibit A**," Case Action Summary; "**Exhibit B**," Complaint. Plaintiff executed service of process upon Removing Defendants on April 13, 2016 and April 18, 2016 respectively. *Id*. The thirtieth day following receipt of service of process is Friday, May 13, 2016. Therefore, this Notice of Removal has been timely filed within thirty (30) days of receipt of the Summons and Complaint in accordance with 28 U.S.C § 1446(a).

15. Contemporaneous with the filing of this Notice of Removal, a copy of this Notice of Removal along with a Notice of Notice of Removal has been filed with the Clerk of the Circuit Court of Jefferson County, Alabama, and served upon counsel for all adverse parties pursuant to 28 U.S.C § 1446(d). Accordingly, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, this action is properly removed to this Court.

16. By filing this Notice of Removal, Removing Defendants do not waive any of its defenses, including but not limited to any defenses under Rule 12 of the Federal Rules of Civil Procedure.

17. Prior to filing this Notice of Removal, Removing Defendants did not file an Answer to the Complaint in the Circuit Court of Jefferson County, Alabama. Accordingly, Removing Defendants will "answer or present other defenses and objections" within "7 days after th[is] [N]otice of [R]emoval is filed" in accordance with Rule 81(c)(2)(C) of the Federal Rules of Civil Procedure.

18. If any question arises as to the propriety of the removal of this action, Removing Defendants request the opportunity to present a brief and oral argument in support of its position that this case is removable.

WHEREFORE, Removing Defendants respectfully request that the above captioned matter currently pending in the Circuit Court of Jefferson County, State of Alabama, be removed to this Honorable Court.

DATED: May 13, 2016

                                                 Respectfully submitted,

                                                 /s/ Neal D. Moore, III
                                                 Neal D. Moore, III
                                                 *Attorney for Palisades Collection, LLC and*
                                                 *Palisades Acquisitions X, LLC*

**OF COUNSEL:**

FERGUSON, FROST, MOORE & YOUNG, LLP
Post Office Box 430189
Birmingham, Alabama  35243-0189
Telephone:     (205) 879-8722
Facsimile:       (205) 879-8831
Email:             ndm@ffmylaw.com

## **CERTIFICATE OF SERVICE**

      This is to certify that on the 13th day of May, 2016 a copy of the foregoing document was served upon counsel for all parties to this proceeding by the following method:

|  |  |
|---|---|
| \_\_\_\_\_ | mailing the same by first-class United States mail, properly addressed and postage pre-paid |
| \_\_\_\_\_ | hand delivery |
| \_\_\_\_\_ | via facsimile |
|   X   | E-File |

Jerry O. Lorant
Lorant & Associates, P.C.
6 Office Park Circle, Suite 214
Birmingham, AL 35223


                                                     /s/ Neal D. Moore, III
                                                   OF COUNSEL