DOCUMENT 2

ELECTRONICALLY FILED
4/7/2016 3:16 PM
01-CV-2016-901291.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

EXHIBIT
B

NOTE TO CLERK: PLEASE ASSIGN THIS CASE TO HONORABLE
JIM HUGHEY AS PER HIS ORDER OF 02/11/2016

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

HENRIETTA WALKER,

    PLAINTIFF,

    VS                        CIVIL ACTION NO. _____

PALISADES COLLECTION, LLC; PALISADES ACQUISITIONS X, LLC; ABC COMPANY, being that entity doing business as Palisades Collection, LLC; DEF COMPANY, being that entity doing business as Palisades Acquisitions X, LLC; GHI, being that entity acting as alter ego, owning, or controlling said Palisades Collection, LLC and Palisades Acquisitions X, LLC, and, on information and belief, doing business as Palisades Collection, LLC and Palisades Acquisitions X, LLC, and for all purposes being a proper party defendant in this cause; J, K, L, M, N, O, P, Q, R, S, T, U, V, W, X, Y, and Z, all of whose true names and identities are not further known to Plaintiff at this time, but when ascertained, will be added hereto by way of amendment. Nevertheless, each of said fictitious parties, on information and belief, combined with, concurred with, and conspired with the named parties herein to commit the acts and activities that injured and damaged the Plaintiff.

    DEFENDANTS,

## COMPLAINT

    1. Plaintiff is a resident and citizen of Jefferson County, Alabama and is over the age of twenty-one years.

    2. Defendant, Palisades Collection, LLC, is a foreign limited liability company, with a principal address, according to the records of the Alabama Secretary of State, of 210 Sylvan Avenue, Englewood Cliffs, New Jersey 07632, and with a registered agent for service of process listed as CT Corporation System, 2 North Jackson St., Ste 605, Montgomery, Alabama 36104. Nevertheless, at all times pertinent hereto, said entity was and is doing business in the State of Alabama.

    3. Defendant, Palisades Acquisitions X LLC, is a foreign limited liability company, formed in the State of Delaware, with a principal address of 210 Sylvan Avenue, Englewood Cliffs, New Jersey 07632, and with a registered agent for service of process listed as Corporation Service Company, 2711 Centerville Rd., Ste 400, Wilmington, DE 19808. Nevertheless, at all times pertinent hereto, said entity was and is doing business in the State of Alabama.

DOCUMENT 2

4. The identities, relationship, and activities of the fictitious parties defendant are not further known to Plaintiff at this time, but when ascertained, will be added hereto by way of amendment. Nevertheless, each of said fictitious parties, on information and belief, combined with, concurred with, and conspired or joined with the named parties herein to commit the acts and activities that injured and damaged the Plaintiff.

## Complaint
### Introduction

5. Plaintiff adopts the averments and allegations of each and every paragraph hereinbefore as if more fully set forth herein.

6. This cause of action arises out of events and circumstances surrounding a consent judgment rendered on January 7, 2000 in Case No. CV-1999-004765, now closed as per Order of Honorable Jim Hughey, III, on February 11, 2016. The background and history of this action is also set forth in the Order, a copy of which is attached as Exhibit A, incorporated herein as if more fully set forth herein and made an integral part hereof in all particulars.

### COUNT ONE

### FIRST CAUSE OF ACTION
### VIOLATION OF THE
### FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")

7. Plaintiff adopts and incorporates the averments and allegations of each and every paragraph hereinbefore as if more fully set forth herein.

8. Defendants, including fictitious defendants ABC Company, DEF Company, GHI Company, and J through Z, have violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, as set out hereinafter.

9. Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are debt collectors as defined by the FDCPA, 15 U.S.C. § 1692a(6).

10. Plaintiff disputed the additional amount being claimed by Defendants, through their agents and collection attorneys, Parnell & Crum, P.A., in writing on two separate occasions, August 10, 2010 and September 16, 2010, and requested verification of the debt under 15 U.S.C. § 1692g, because the judgment had been paid and discharged. That verification was refused.

11. The Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt. Defendant, Palisades Collection, LLC, Palisades Acquisitions X, LLC, and fictitious

defendants ABC Company, DEF Company, GHI Company, and J through Z, through their agents and collection attorneys, Parnell & Crum, P.A., attempted to collect a debt from Plaintiff using false, deceptive, or misleading representations or means in connection with the collection of any debt, by stating as follows:

   a) That a judgment was due and owing from Plaintiff, a consumer under the FDCPA, in the amount of $14,641.24 on September 2, 2010, when in fact no sums were due, the judgment being paid, satisfied, and held for naught by this Honorable Court;

   b) That a judgment was due and owing from Plaintiff in the amount of $14,491.24 on December 15, 2010; when in fact no sums were due, the judgment being paid, satisfied, and held for naught by this Honorable Court;

   c) That Palisades Collection, LLC was the rightful owner of the debt on September 2, 2010; when in fact Palisades Acquisitions X, LLC was the assignee and owner of the account;

   d) That Palisades Collection, LLC was the rightful owner of the debt on December 15, 2010; when in fact Palisades Acquisitions X, LLC was the assignee and owner of the account;

   e) That Providian National Bank was the rightful owner of the debt on September 28, 2010; when in fact Providian National Bank was no longer a viable entity, the account having been assigned to Palisades Acquisitions X, LLC by Chase Bank in 2005;

   f) That Providian National Bank had been unsuccessful in collecting the judgment on September 23, 2010; when in fact Plaintiff had paid $75.00 per month to Providian National Bank for a period of ten (10) years as per her agreement with Parnell & Crum, P.A., and had paid and discharged the judgment;

   g) That executions and garnishments had been issued against Plaintiff, when in fact no executions and garnishments had been issued against Plaintiff as she had paid the sum of $75.00 per month for a ten-year period as per her agreement with the collection attorneys for Defendants, Parnell & Crum, P.A.

   h) That Defendants, through their agents and collection attorneys, Parnell & Crum, P.A., were collecting a debt for Providian National Bank; when in fact Providian National Bank was no longer a viable entity and Palisades Acquisitions X, LLC was the assignee and owner of the account since 2005.

   i) That Defendants, through their agents and collection attorneys, Parnell & Crum, P.A. were collecting a debt for Palisades Collection, LLC as Assignee of Chase Bank, when in fact Parnell & Crum, P.A. was collecting a debt for Palisades Acquisitions X, LLC.

j) That Defendants, through their agents and collection attorneys, Parnell & Crum, P.A., filed a false motion to renew the judgment against Plaintiff in violation of the FDCPA, i.e. Sections 1692(e) and 1692(f);

12. As a proximate cause of Defendants' violations of the Fair Debt Collection Practices Act as aforesaid, Plaintiff claims all damages available under the Act, including statutory damages, including actual damages which are great mental harm, great physical harm, great anguish, great personal injury, personal harm, created great anxiety, worry, concern, headaches, sleepless nights, prevented Plaintiff from the proper care of a severely disabled and handicapped child, caused her to seek legal help, and attorney's fees.

## SECOND CAUSE OF ACTION
## BREACH OF SIMPLE CONTRACT

13. Plaintiff adopts and incorporates the averments and allegations of each and every paragraph hereinbefore as if more fully set forth herein.

14. Defendants, including fictitious defendants ABC Company, DEF Company, GHI Company, J through Z, by and through their agents and collection attorneys, Parnell & Crum, P.A., breached a simple contract with Plaintiff in that Plaintiff made a valid offer to satisfy and discharge the claimed indebtedness against her of $75.00 per month, with no interest, for a period of ten (10) years. Defendants accepted that offer, thereby creating a simple contract. Further, a "mutual assent" was created because there was a "meeting of the minds" between the parties, they came to an agreement about the particulars of the transaction, and the mutual assent was demonstrated by "offer" and "acceptance", for which a consideration was present. Thus the oral agreement of the parties formed a legal contract, which Plaintiff paid monthly over a ten-year period, and which Defendants wholly, fully, and completely breached, causing great damage and injury to the Plaintiff herein. Further, this Court has adjudicated in its final Order of February 11, 2016, and also by the Honorable Houston Brown in his Order of December 12, 2011, that the judgment is, was, and remains fully satisfied and held for naught.

15. As a proximate cause of the breach of a simple contract of Defendants, and fictitious defendants ABC Company, DEF Company, GHI Company, and J through Z, caused the Plaintiff great mental harm, great physical harm, great anguish, great personal injury, personal harm, created great anxiety, worry, concern, headaches, sleepless nights, prevented Plaintiff from the proper care of a severely disabled and handicapped child, caused her to seek legal help, and incur attorney's fees and other expenses.

## THIRD CAUSE OF ACTION
## UNJUST ENRICHMENT

16. Plaintiff adopts and incorporates the averments and allegations of each and every paragraph hereinbefore as if more fully set forth herein.

17. Defendants, Palisades Collection, LLC and Palisades Acquisition X, LLC, were unjustly enriched because this indebtedness was based upon an unconscionable amount of money that they paid for the account, on information and belief, to-wit: $.01, $.02, or $.03 cents on the dollar, by Defendants designated and undesignated, and when ascertained, potentially a fictitious party hereto.

18. The Defendants unjustly enriched themselves, violated the conscience and public policy of this State, collecting over Ten Thousand Dollars ($10,000.00) on an unconscionable claim from a woman in dire, impecunious, and penurious circumstances, for a period of ten (10) years. Defendants thereafter claimed an additional $14,000.00 by falsely seeking to collect a paid and discharged judgment, adjudicated to be so in the preceding litigation.

19. As a proximate cause of the unjust enrichment of the Defendants as aforesaid, Plaintiff suffered great mental harm, great physical harm, great anguish, great personal injury, personal harm, great anxiety, worry, concern, headaches, sleepless nights, preventing Plaintiff from the proper care of a severely disabled and handicapped child, causing her to seek legal help, and incur attorney's fees and other expenses.

### FOURTH CAUSE OF ACTION
### FRAUD, MISREPRESENTATION, AND
### SUPPRESSION OF MATERIAL FACT

20. Plaintiff adopts and incorporates the averments and allegations of each and every paragraph hereinbefore as if more fully set forth herein.

21. Defendants, by and through their agents and debt collection attorneys, Parnell & Crum, P.A., and Charles N. Parnell, III, operated and held themselves out as specialists in the practice area of credit card collections, the basis of the judgment referred to herein. Said Parnell & Crum, P.A. and Charles N. Parnell, III have been practicing in that speciality to-wit from 1979 to the present date.

22. Said Defendants, by and through their agents and debt collection lawyers, Parnell & Crum, P.A., and Charles N. Parnell, III, committed fraud, misrepresentation, and suppression of material fact against the Plaintiff and upon this Court that "executions and garnishments" had been issued against Plaintiff in the attempted renewal of the judgment, a judgment that had been paid and discharged, when in fact such was not the case, and this fraud, misrepresentation, and suppression of material fact was presented to this Court in a sworn affidavit of Charles N. Parnell, III on September 23, 2010, when he was attempting to renew a paid and discharged judgment in the name of a corporate entity which no longer existed and which no longer owned the account.

23. As a proximate cause of the fraud, misrepresentation, and suppression of material fact of the Defendants as aforesaid, Plaintiff suffered great mental harm, great physical harm,

great anguish, great personal injury, personal harm, great anxiety, worry, concern, headaches, sleepless nights, preventing Plaintiff from the proper care of a severely disabled and handicapped child, causing her to seek legal help, and incur attorney's fees and other expenses.

### FIFTH CAUSE OF ACTION
### NEGLIGENCE

24. Plaintiff adopts and incorporates the averments and allegations of each and every paragraph hereinbefore as if more fully set forth herein.

25. Plaintiff avers that Defendants, by and through their agents and debt collection lawyers, Parnell & Crum, P.A., and Charles N. Parnell, III, undertook to renew a judgment negligently by failing to comply with Alabama Code Section 6-9-196 in the following particulars:

a) by negligently failing to designate the true and correct assignee of the account, Palisades Acquisitions X, LLC, but, to the contrary designated "Providian National Bank" as the true and correct owner of the account, an entity that was no longer viable. The said Parnell & Crum, P.A. and Charles N. Parnell, III had been collecting sums of money from Plaintiff on behalf of Palisades Acquisitions X, LLC since 2005, yet never changed the name of the plaintiff and owner of the judgment but continued to negligently use the name of an entity that was no longer viable, Providian National Bank, negligently and falsely representing to Plaintiff that Providian National Bank was still the judgment creditor and that Plaintiff still owed money to an entity that was no longer viable, an entity that was not in existence for the preceding to-wit ten or more years, yet all along, since 2005, collecting money from Plaintiff on behalf of Palisades Acquisitions X, LLC.

b) by negligently and falsely representing the amount they were seeking to collect from the Plaintiff;

c) by negligently and falsely failing to provide Plaintiff with an accounting of the payments she had made over a ten-year period, even after being requested to do so.

26. As a proximate consequence of the negligence of Defendants as aforesaid, Plaintiff was caused to suffer great mental harm, great physical harm, great anguish, great personal injury, personal harm, created great anxiety, worry, concern, headaches, sleepless nights, preventing her from the proper care of a severely disabled and handicapped child, causing her to seek legal help, and incur attorney's fees and other expenses.

## SIXTH CAUSE OF ACTION
## WILLFUL, INTENTIONAL, AND MALICIOUS CONDUCT

27. Plaintiff adopts and incorporates the averments and allegations of each and every paragraph hereinbefore as if more fully set forth herein.

28. Plaintiff avers that Defendants, by and through their agents and debt collection attorneys, Parnell & Crum, P.A., and Charles N. Parnell, III, undertook to renew a judgment willfully, intentionally, and maliciously by failing to comply with Alabama Code Section 6-9-196 in the following particulars:

a) by willfully, intentionally, and maliciously failing to designate the true and correct assignee of the account, Palisades Acquisitions X, LLC, but, to the contrary designated "Providian National Bank" as the true and correct owner of the account, an entity that was no longer viable.

b) by willfully, intentionally, and maliciously stating that the owner of the judgment was "Providian National Bank", when, in fact, Providian National Bank had long been gone, and willfully, intentionally, and maliciously seeking to unlawfully collect funds and monies not due in an amount in excess of $14,000.00 from the Plaintiff, who had paid and discharged the judgment, and which had been adjudicated by this Honorable Court as being paid, satisfied, and held for naught.

c) by willfully, intentionally, and maliciously misrepresenting the amount they were seeking to collect from the Plaintiff;

d) by willfully, intentionally, and maliciously failing to provide Plaintiff with an accounting and suppressing the payments she had made over a ten-year period.

29. As a proximate consequence of the willful, intentional, and malicious conduct of Defendants as aforesaid, Plaintiff was caused to suffer great mental harm, great physical harm, great anguish, great personal injury, personal harm, created great anxiety, worry, concern, headaches, sleepless nights, preventing her from the proper care of a severely disabled and handicapped child, causing her to seek legal help, and incur attorney's fees and other expenses.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants, each separately and severally, as follows:

1) Statutory damages, actual damages, plus costs and attorney's fees;

2) Compensatory damages in an amount to be determined by a jury in this cause;

3) Any and all other and further relief to which the Court deems proper in this cause.

PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.

/s/ Jerry O. Lorant
Jerry O. Lorant (LOR002)
Attorney for Plaintiff

14 Office Park Circle, Ste 115
Mountain Brook, AL 35223
(205) 445-1385

SERVE DEFENDANTS AS FOLLOWS:

Palisades Collection, LLC
c/o C T Corporation System, Registered Agent
2 North Jackson St., Ste 605
Montgomery, AL 36104

Palisades Acquisition X, LLC
c/o Corporation Service Company, Registered Agent
2711 Centerville Rd, Ste 400
Wilmington, DE 19808

EXHIBIT A

Case 2:16-cv-00800-JEO   Document 1-2   Filed 05/13/16   Page 9 of 15

ELECTRONICALLY FILED
2/11/2016 5:42 PM
01-CV-1999-004765.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BIRMINGHAM DIVISION

| | | |
|---|---|---|
| PROVIDIAN NATIONAL BANK, ) | | |
| Plaintiff, ) | | |
| ) | | |
| V. ) | Case No.: | CV-1999-004765.00 |
| ) | | |
| HENRIETTA WALKER, ) | | |
| Defendant/Third Party Plaintiff, ) | | |
| ) | | |
| V. ) | | |
| ) | | |
| PALISADES COLLECTION, LLC and ) | | |
| PALISADES ACQUISITIONS X, LLC, ) | | |
| Third Party Defendants. ) | | |

**ORDER**

This matter is before the Court on the Motion to Set Aside and Vacate Default Judgment filed by Third Party Defendants Palisades Collection, LLC and Palisades Acquisitions X, LLC. After several rounds of briefing and conducting several hearings, the Court hereby FINDS and HOLDS that the Motion is due to be GRANTED, as follows.

**BACKGROUND AND OVERVIEW**

At issue is a $250,000.00 default judgment entered against Palisades Collection, LLC and Palisades Acquisitions X, LLC on claims stemming from alleged wrongful attempts to collect on and/or revive a satisfied debt. The underlying debt was the result of a Consent Judgment entered in this case in January of 2000. The 2000 Judgment was in favor of the named Plaintiff Providian National Bank and against Defendant Henrietta Walker. Ms. Walker dutifully paid off that debt in monthly increments over a ten year period. Nevertheless, in September 2010, Plaintiff Palisades Collection, LLC moved the Court to renew the Judgment in its own name on grounds that it had not been satisfied. Although the Motion to Renew was purportedly filed by Providian National Bank, that entity no longer owned the debt as of September 2010. Rather, the debt had been transferred several times and was in the hands of Palisades Acquisitions X, LLC, who hired Palisades Collection, LLC to actually perform the collecting. These entities claim they did not know the debt was satisfied when they tried to collect from Ms. Walker and revive the satisfied judgment. None of this information was provided to the Court by either party and, as a result, the January 2000 Judgment was renewed on October 6, 2010.

Less than one week later, on October 12, 2010, Ms. Walker moved to set aside the renewed judgment and the Court granted that request and set aside the renewal. Seven months later, on May 9, 2011, Ms. Walker filed a Third Party Complaint under this case action number (CV-1999-4765) against Palisades Collection, LLC stating a number of legal claims all arising out of the attempt to collect on and revive the extinguished debt. At the time she filed those claims, Ms. Walker paid the applicable filing fee and the fee for a jury trial to the Clerk of Court.

On May 18, 2011, Palisades Acquisitions X, LLC filed an Amended Motion to Renew Judgment noting that it was in fact the proper party in interest for the January 2000 Judgment and requesting that the Judgment be renewed and that Ms. Walker's Third Party Claims be dismissed. On May 26, 2011, Ms. Walker amended her Third Party Complaint to add Palisades Acquisitions X, LLC as a Defendant. On July 28, 2011, Providian National Bank and/or Palisades Acquisitions X, LLC (the filing only references "Plaintiff") withdrew its request to renew the January 2000 Judgment. That Motion was granted the same day and a hearing set on the same was cancelled.

On August 16, 2011, Ms. Walker moved to vacate or modify the Court's July 28, 2011 Order on grounds that she wished to pursue her claims against the Third Party Defendants. On December 12, 2011, that motion was granted and the January 2000 Judgment was held to be (a) discharged and declared satisfied with no sums of principal or interest due, and (b) forever incapable of renewal. The December 2011 Order also reserved Ms. Walker's claims against the Third Party Defendants for disposition by the Court at a final hearing. No action taken by any party to the case during the two and one half year period from December 2011 to August 2014. The AlaCourt system does not reflect service of process on Palisades Collection, LLC and Palisades Acquisitions X, LLC nor does it reflect the issuance of a "No Answer Notice" during this time.

On August 11, 2014, Ms. Walker moved for a default judgment against both of the Third Party Defendants. That motion came before the Court for a scheduled hearing after which, on November 5, 2014, the Final Judgment at issue here was entered. On August 24, 2015, the Third Party Defendants received notice of a third party garnishment with respect to the November 5, 2014 Final Judgment. On August 31, 2015 the Third Party Defendants filed the instant Motion.

**ISSUES RAISED**

The Third Party Defendants put forth a number of reasons why the November 5, 2014 Final Judgment should be set aside, including (1) they were never properly served with the original or amended Third Party Complaint, (2) the filing of the original and amended Third Party Complaints under this case action number (CV-1999-4765) were improper under the Alabama Rules of Civil Procedure, (3) the Third Party Defendants had no knowledge of Ms. Walker's claims against them prior to being copied on a garnishment summons to collect on the Judgment, and (4) the Third Party Defendants have meritorious defenses to Ms. Walker's claims. In asking the Court to vacate and set aside the November 2014 Judgment, the Third Party Defendants concede that "Walker may file a separate action and will still have an opportunity to prosecute and prove any and all averments, depose and talk to any witnesses and parties, and prepare her case for trial without any delay …."

HOLDING

After a diligent search, neither party was able to cite to the Court a case discussing when, where and how a Defendant like Ms. Walker may assert affirmative claims relating to allegedly wrongful efforts to collect on and/or revive a satisfied judgment. Alabama cases do speak to the process by which judgment creditors may revive their aging judgments. In that regard, the Court of Civil Appeals has noted "[t]he object of the proceeding is not to obtain a new judgment for a debt, but to enable the judgment creditor to enforce by execution the judgment he has already obtained. The order to revive does no more than reinvest the plaintiff with the right to have execution of his original judgment." *McLendon v. Hepburn*, 876 So. 2d 479, 486 (Ala. Civ. App. 2003) (quoting *Second Nat'l Bank of Cincinnati v. Allgood*, 176 So. 363, 365 (Ala. 1937)). Moreover, the Court noted, "[i]t is plain that a new lease of life is not given to that cause of action by merely affording to the plaintiff the opportunity of resorting to the cumulative and independent remedy for the enforcement of the judgment by means of executions upon it." *Id.*

Here, the underlying 1999 case was resolved with the January 2000 Consent Judgment. Third Party Defendants' efforts to renew that Judgment after it had been satisfied – wrongful as they are alleged to have been – did not reopen the underlying case in a way that would allow Ms. Walker to assert new legal claims under the original case action number (CV-1999-4765). Thus, although the Third Party Defendants' actions as described by Ms. Walker in her Third Party Complaints support the filing of legal claims against them by Ms. Walker, the Rules of Civil Procedure do not support the maintenance of those claims in this action. Rather, Ms. Walker's affirmative claims should be pursued in a separate suit. Because Ms. Walker's Third Party Claims are not properly maintained in this action, the original and amended Third Party Complaint were not properly served on Palisades Collection, LLC and Palisades Acquisitions X, LLC when those documents were filed via AlaFile. Rather, Ms. Walker's claims against Palisades Collection, LLC and Palisades Acquisitions X, LLC should be prosecuted under a separate and distinct case action number and both entities should be properly served with a summons and complaint.

As a result of these holdings the Court hereby ORDERS, as follows:

(1) Pursuant to Alabama Rule of Civil Procedure 60(b)(4), the November 5, 2014 Final Judgment is SET ASIDE as void for failure to properly serve Palisades Collection, LLC and Palisades Acquisitions X, LLC with the original and amended Third Party Complaints.

(2) The January 2000 Consent Judgment between Providian National Bank and Henrietta Walker is, was and remains fully satisfied and released with all costs taxed as paid.

(3) Ms. Walker's claims against Palisades Collection, LLC and Palisades Acquisitions X, LLC regarding those entities' alleged wrongful efforts to revise and/or collect on the January 2000 Consent Judgment after it was satisfied were timely filed.

(4) Pursuant to Alabama Rule of Civil Procedure 21, Henrietta Walker's claims against Palisades Collection, LLC and Palisades Acquisitions X, LLC are hereby SEVERED from this case. The Clerk of Court is DIRECTED to open a new civil action number in the case of *Henrietta Walker v. Palisades Collection, LLC and Palisades Acquisitions X, LLC* and assign that case to the

undersigned. Thereafter, **Ms. Walker shall have until April 11, 2016** to file a fresh Complaint against Palisades Collection, LLC and Palisades Acquisitions X, LLC in the new action and pay any applicable fees the Clerk's office directs for the maintenance of this separate action. At Ms. Walker's request and upon paying of any appropriate fees, the Clerk of Court shall issue summons to Palisades Collection, LLC and Palisades Acquisitions X, LLC.

(5) This case (CV-1999-4765) shall REMAIN CLOSED.

(6) All costs are taxed as paid.

In reaching its holding in this case, the Court did not consider or in any way rule on the Third Party Defendants' contention that they have a meritorious defense to Ms. Walker's claims.

**DONE this 11th day of February, 2016.**

                                            **/s/ JIM HUGHEY III**
                                            **CIRCUIT JUDGE**

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

    PALISADES ACQUISITIONS, LLC
    % CORP. SERVICE CO, RA
    2711 CENTERVILLE RD #400
    WILMINGTON, DE 19808

    CV/2016 901291 SLC D2

    9590 9402 5285 0691 58

2. Article Number (Transfer from service label)

    7015 3430 0000 1007 0320

## COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☐ Adult Signature
   ☐ Adult Signature Restricted Delivery
   ☒ Certified Mail®
   ☐ Certified Mail Restricted Delivery
   ☐ Collect on Delivery
   ☐ Collect on Delivery Restricted Delivery
   ☐ ...Mail
   ☐ ...Mail Restricted Delivery

   ☐ Priority Mail Express®
   ☐ Registered Mail™
   ☐ Registered Mail Restricted Delivery
   ☒ Return Receipt for Merchandise
   ☐ Signature Confirmation™
   ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                                Domestic Return Receipt

**USPS TRACKING #**

9590 9402 1378 5285 0691 58

United States
Postal Service

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

- Sender: Please print your name, address, and ZIP+4® in this box

FILED IN OFFICE
CIRCUIT CIVIL DIVISION
APR 22 2016
ANNE-MARIE ADAMS

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD. NO.
BIRMINGHAM, ALABAMA 35203