FILED

2016 Jun-01  PM 04:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

HENRIETTA WALKER,

                    Plaintiff,            CASE NO. 16-CV-00800-JEO

v.

PALISADES COLLECTION, LLC;
PALISADES ACQUISITIONS X, LLC; ABC
COMPANY, being that entity doing
business as Palisades Collection, LLC;
DEF COMPANY, being that entity doing
business as Palisades Acquisitions X,
LLC; GHI, being that entity acting as alter
ego, owning, or controlling said Palisades
Collection, LLC and Palisades Acquisitions
X, LLC, and for all purposes being a
proper party defendant in this cause; J, K,
L, M, N, O, P, Q, R, S, T, U, V, W, X, Y,
and Z, all of whose true names and
identities are not further known to Plaintiff
at this time, but when ascertained, will be
added hereto by way of amendment.
Nevertheless, each of said fictitious
parties, on information and belief,
combined with, concurred with, and
conspired with the named parties herein to
commit the acts and activities that injured
and damaged the Plaintiff,

                    Defendants.

## DEFENDANT PALISADES ACQUISITIONS X, LLC'S ANSWER

COMES NOW Defendant Palisades Acquisitions X, LLC ("Defendant"), by and through its undersigned counsel, and as its answer to Plaintiff's Complaint, deny each and every allegation contained therein, unless otherwise admitted or qualified herein:

1.      The Defendant lacks knowledge and information sufficient to either admit or deny the allegations in paragraph 1 of Plaintiff's Complaint and puts Plaintiff to strict proof thereof.

2.      The Defendant lacks knowledge and information sufficient to either admit or deny the allegations in paragraph 2 of Plaintiff's Complaint and puts Plaintiff to strict proof thereof.

3.      The Defendant admits the allegations in paragraph 3 of Plaintiff's Complaint.

4.      The Defendant lacks knowledge and information sufficient to either admit or deny the allegations in paragraph 4 of Plaintiff's Complaint and puts Plaintiff to strict proof thereof.

5.      In response to paragraph 5 of Plaintiff's Complaint, the Defendant repeats and realleges paragraphs 1-4 of this Answer as though set forth fully herein.

6.      In response to paragraph 6 of Plaintiff's Complaint, the Defendant admits that Plaintiff cites to orders of the Circuit Court of Jefferson County, Alabama, and the Defendant denies any characterization of the same inconsistent therewith.

7.      In response to paragraph 7 of Plaintiff's Complaint, the Defendant repeats and realleges paragraphs 1-6 of this Answer as though set forth fully herein.

8.      The Defendant denies the allegations in paragraph 8 of Plaintiff's Complaint.

9.     In response to paragraph 9 of Plaintiff's Complaint, the Defendant admits it, at times, engages in the collection of debts from consumers using the mail and telephone.   The Defendant states further that it lacks knowledge and information sufficient to either admit or deny it was a "debt collector" in the instant matters, as that term is defined by the FDCPA.

10.     The Defendant lacks knowledge and information sufficient to either admit or deny the allegations in paragraph 10 of Plaintiff's Complaint and puts Plaintiff to strict proof thereof.

11.     In response to paragraph 11 of Plaintiff's Complaint, the Defendant admits Plaintiff purports to summarize portions of the FDCPA while denying the allegations to the extent, if any, that Plaintiff misinterprets or misconstrues the FDCPA or case law interpreting the FDCPA.  The Defendant denies the remaining allegations in paragraph 11, including all subparts, and puts Plaintiff to strict proof thereof.

12.     The Defendant denies the averments in Paragraph 12 and demands strict proof thereof.

13.     In response to paragraph 13 of Plaintiff's Complaint, the Defendant repeats and realleges paragraphs 1-12 of this Answer as though set forth fully herein.

14.     The Defendants denies the allegations in paragraph 14 of Plaintiff's Complaint.

15.     The Defendant denies the allegations in paragraph 15 of Plaintiff's Complaint.

16.     In response to paragraph 16 of Plaintiff's Complaint, the Defendant repeats and realleges paragraphs 1-15 of this Answer as though set forth fully herein.

17.     The Defendants denies the allegations in paragraph 17 of Plaintiff's Complaint.

18.     The Defendant denies the allegations in paragraph 18 of Plaintiff's Complaint.

19.     The Defendant denies the allegations in paragraph 19 of Plaintiff's Complaint.

20.     In response to paragraph 20 of Plaintiff's Complaint, the Defendant repeats and realleges paragraphs 1-19 of this Answer as though set forth fully herein.

21.     The Defendant lacks knowledge and information sufficient to either admit or deny the allegations in paragraph 21 of Plaintiff's Complaint and puts Plaintiff to the strict proof thereof.

22.     The Defendant denies the allegations in paragraph 22 of Plaintiff's Complaint.

23.     The Defendant denies the allegations in paragraph 23 of Plaintiff's Complaint.

24.     In response to paragraph 24 of Plaintiff's Complaint, the Defendant repeats and realleges paragraphs 1-23 of this Answer as though set forth fully herein.

25.     The Defendant denies the allegations in paragraph 25 of Plaintiff's Complaint, including all subparts.

26.     The Defendant denies the allegations in paragraph 26 of Plaintiff's Complaint.

27.     In response to paragraph 27 of Plaintiff's Complaint, the Defendant repeats and realleges paragraphs 1-26 of this Answer as though set forth fully herein.

{W0476172.1 }
3225645v1

28.     The Defendant denies the allegations in paragraph 28 of Plaintiff's Complaint, including all subparts.

29.     The Defendant denies the allegations in paragraph 29 of Plaintiff's Complaint.

As to the unnumbered paragraph following paragraph #29, Defendant denies Plaintiff is entitled to relief requested and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1.     Defendant pleads the Complaint fails to state a claim or cause of action upon which relief can be granted.

2.     Defendant denies any violation of the FDCPA and demands strict proof thereof.

3.     Defendant denies the Plaintiff has suffered any damages as a result of any act, error, or omission of this Defendant.

4.     Defendant pleads the statute of limitations.

5.     Defendant pleads failure to mitigate damages.

6.     Defendant pleads contributory negligence, to avoid waiver.

7.     Defendant denies it took any action to intentionally harm the Plaintiff and at all times acted in good faith, without malice or the intent to injure, and based on the information known to it.

8.     Plaintiff's right to recover, if any, is limited to the FDCPA; Defendant specifically denies any violation of that Act.

8.     Punitive damages are not allowed under the Fair Debt Collection Practices Act; therefore, Defendant denies Plaintiff is entitled to punitive damages.

9.    Defendant denies it is guilty of conduct referable to which punitive damages could or should be awarded, and denies that Plaintiff has produced clear and convincing evidence sufficient to support or sustain to support or sustain the imposition of punitive damages against Defendant.

10. Plaintiff cannot recover punitive damages against Defendant because such an award, which is penal in nature, would violate Defendant's constitutional rights protected under the Alabama Constitution of 1901, as amended and the Constitution of the United States unless Defendant is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of any incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

11.    Subjecting Defendant to punitive damages, or affirming an award of punitive damages against Defendant in this case, would amount to and constitute a denial of due process as afforded by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and by the Due Process Clause of Article 1, Section 13 of the Alabama Constitution, as a deprivation of property without due process, or standards or criteria of due process, based upon the following grounds and circumstances, separately and severally assigned:

    (a)    any award of punitive damages against Defendant under the evidence in this case would necessarily be based upon an evidentiary standard less than a standard of proof of beyond a reasonable doubt;

    (b)    there is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damages award, and such award is subject to no predetermined limits;

    (c)    use of the Alabama Pattern Jury Instructions in instructing the jury as to the award of punitive damages, and the amount of

such an award, does not provide sufficient guidance or standards for the award or amount of punitive damages;

(d)    any punitive damages award would not be subject to post trial and appellate review on the basis of suitable and sufficient objective standards and criteria;

(e)    the power and authority imposed upon the jury under Alabama law as to the amount of punitive damages award is so relatively unfettered that there is lacking any reasonable or logical standard, uniform criteria, or guidance in the assessment of the amount of the award of punitive damages;

(f)    under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and the alleged wrongful or culpable conduct;

(g)    under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and the interests or goals of the State of Alabama referable to the imposition or allowance of punitive damages;

(h)    under Alabama law and procedure, there is no objective or rational criteria for the amount of the award of punitive damages as relates or compares to the assessment of compensatory damages, or amount of compensatory damages;

(i)    an award of punitive damages should not be permitted to be assessed against Defendant for unauthorized acts of an agent or agents without any additional requirement of knowledge or fault on the part of Defendant;

(j)    an award of punitive damages should not be permitted to be assessed against Defendant vicariously as a principal without any further proof of independent, wrongful conduct or ratification by Defendant;

(k)    Alabama procedures, pursuant to which amounts of punitive damages are awarded, permit the imposition of different penalties for the same or similar acts;

(l)    under Alabama law and procedures governing the award and assessment of punitive damages, there is no objective, logical, or reasonable standard or criteria which governs the award, or the amount of the award, of punitive damages;

(m)     the procedures pursuant to which punitive damages are
        awarded fail to provide a reasonable limit on the amount of the
        award against Defendant;

(n)     the procedures pursuant to which punitive damages are
        awarded are unconstitutionally vague;

(o)     the procedures pursuant to which punitive damages are
        awarded fail to  provide a clear post-trial or appellate standard
        of review for an award of punitive damages;

(p)     the procedures pursuant to which punitive damages are
        awarded may permit the admission of evidence relative to
        punitive damages in the same proceedings during which liability
        and compensatory damages are determined; and

(q)     an award of punitive damages would constitute an arbitrary and
        capricious taking of property of Defendant without due process
        of law.

12.     Plaintiff is not entitled to punitive damages from Defendant pursuant to the

facts as alleged in Plaintiff's Complaint.

13.     Plaintiff's claim for punitive damages against Defendant is barred by the

Fourteenth Amendment to the United States Constitution and by the Alabama

Constitution.

14.     Imposition of punitive damages in this case against Defendant would

contravene the Commerce Clause of the United States Constitution in that such an

award would constitute, if imposed, an undue and unreasonable burden on interstate

commerce.

15.     To award punitive damages against Defendant in this case would have a

chilling effect upon Defendant's rights to open access to the courts of this State, in

violation of the United States Constitution and the Alabama Constitution, separately and

severally.

16.     In the event that any portion of a punitive damages award against Defendant in this case were to inure to the benefit of the State of Alabama, or any governmental or private entity other than plaintiffs, such an award would violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution and Article 1, Section 15, of the Alabama Constitution.

17.     To award punitive damages against Defendant in this case would violate the Contracts Clause of Article 1, Section 10 of the United States Constitution, as an award of punitive damages would impair contractual obligations.

18.     Based upon Alabama procedures relative to punitive damages, which provide no objective, logical, or reasonable standards or criteria which govern the award, and the amount of the award, of punitive damages, Defendant is denied equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article 1, §§ I, 6, and 22 of the Alabama Constitution, separately and severally.

19.     Plaintiff's claim for punitive damages violates the rights of Defendant to due process and equal protection of the law as guaranteed by the United States Constitution and the Alabama Constitution in that the procedure for post-trial review of punitive damages set forth in Hammond v. City of Gadsden and Green Oil Company v. Hornsby is unconstitutionally vague and inadequate in the following respects:

(a)     The Hammond and Green Oil procedure provides no clearly defined standard for courts to apply in reviewing punitive damages;

(b)     The Hammond and Green Oil procedure provides inadequate review as to the need to deter, whether deterrence has been accomplished, and whether punishment is appropriate;

(c)     The <u>Hammond</u> and <u>Green Oil</u> procedure provides inadequate review and a vague standard regarding the relationship of the punitive damage award to the harm;

(d)     The <u>Hammond</u> and <u>Green Oil</u> procedure does not address nor cure the lack of guidelines given the jury in the assessment of punitive damages;

(e)     This procedure is inadequate in that the trial court according to <u>Hammond</u> and <u>Green Oil</u> "may" take certain factors into account and these procedures lack predictable and objective standards of review, allow for inconsistent application of the factors, and allow for unpredictable and inconsistent results; and

(f)     The <u>Hammond</u> and <u>Green Oil</u> procedure fails to provide definite and meaningful constraints on jury discretion in awarding punitive damages.

20.     Plaintiff's claim for punitive damages cannot be upheld to the extent it violates or contravenes the holding of the United States Supreme Court in ruling on the case of <u>BMW of North America. Inc. v. Gore</u>, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (May 20, 1996).

21.     The demand for punitive damages in the instant case is subject to these limitations established by the Alabama legislature and set forth in Section 6-11-21, Code of Alabama, as amended.

22.     The Alabama Supreme Court's action in abolishing the legislatively created cap on punitive damages was unconstitutional and without effect. Under the United States Constitution, and the Constitution of the State of Alabama, the Alabama Supreme Court cannot abolish the punitive damages cap created by the legislature through judicial fiat. <u>Honda Motors Co. v. Oberg</u>, 512 U.S. 415, 431 (1994).

23.     If multiple punitive damage awards were assessed against Defendant, it would violate the Constitution of the United States and the State of Alabama, violating

Defendant's rights to due process and to a jury trial and violating Defendant's right against double jeopardy.

24.     Defendant pleads the Plaintiff's damages, if any, were caused by the acts, errors or omissions of third parties for which this Defendant has no legal control or liability.

25.     Defendant pleads it acted at all times in compliance with applicable law, including the FDCPA.

26.     Defendant pleads some or all claims are preempted by applicable federal law.

27.     Defendant pleads the general issue.

28.     Defendant pleads Plaintiff may be contractually obligated to arbitrate any dispute, claim or controversy which arises out of the transaction that is the subject matter of the instant litigation.

29.     Defendant asserts all applicable affirmative defenses available in Federal Rule of Civil Procedure 8(c).

30.     Defendant asserts all applicable affirmative defenses available in Federal Rule of Civil Procedure 12(b).

31.     Defendant pleads unjust enrichment.

32.     Defendant pleads affirmation or reaffirmation.

33.     Defendant pleads the voluntary payment doctrine.

34.     Defendant pleads the Plaintiff is not a real party in interest.

35.     Defendant pleads improper venue and *forum non conveniens*.

36.     Defendant pleads accord and satisfaction.

37.     Defendant pleads lack of consideration.

38.     Defendant pleads lack of meeting of the minds.

39.     Defendant pleads failure of condition precedent.

40.     Defendant pleads lack of reliance.

41.     Defendant pleads unclean hands.

42.     Any violation of the law or damage suffered by Plaintiff, which the

Defendant denies, was due to the affirmative actions and/or omissions of Plaintiff or

others, and does not give rise to any liability of Plaintiff.

43.     Any violation of the FDCPA, which the Defendant denies, was not

intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance

of procedures reasonably adapted to avoid such errors.

44.     Any violation of the law or damage suffered by Plaintiff, which the

Defendant denies, was due to the affirmative actions and/or omissions of Plaintiff or

others, and does not give rise to any claim of damages against Palisades.

45.     Defendant reserves the right to assert additional affirmative defenses

as discovery continues.

WHEREFORE, the Defendant respectively requests the following relief from the

above-named court:

1.     Dismissing Plaintiff's Complaint with prejudice and on the merits; and

2.     Granting the Defendant such other and further relief as the court deems
just and equitable.

Respectfully submitted,

/s/ Neal D. Moore, III
Neal D. Moore, III
Tina Lam
*Attorneys for Palisades Acquisitions X, LLC*

**OF COUNSEL:**
FERGUSON, FROST, MOORE & YOUNG, LLP
Post Office Box 430189
Birmingham, Alabama  35243-0189
(205) 879-8722 phone
(205) 879-8831 fax

## CERTIFICATE OF SERVICE

This is to certify that on this the 1st day of June, 2016, a copy of the *Defendant's Answer* has been served upon counsel for all parties to this proceeding by the following method:

_____        mailing the same by first-class United States mail,
            properly addressed and postage pre-paid

_____        hand delivery

_____        via facsimile

\_\_X\_\_        E-File

Jerry O. Lorant, Esq.
14 Office Park Circle, Ste 115
Mountain Brook, AL   35223
lorantlawpc@gmail.com

/s/ Neal D. Moore, III
OF COUNSEL

{W0476172.1 }
3225645v1